UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN

IN RE: EARL and LAURA CARROLL

    Debtors

CHAPTER 12
HON. SCOTT W. DALES
CASE NO. 13-

_____/

EARL CARROLL
    and LAURA CARROLL
Plaintiffs

Adv. No. 13-

V

BANK OF AMERICA
f/k/a Countrywide
Defendant_____/

COMPLAINT TO DETERMINE VALIDITY AND EXTENT OF LIEN OF BANK OF AMERICA ON DEBTORS' REAL ESTATE

1. The Bankruptcy Court has jurisdiction over this matter pursuant to 28 USC section 1334 and 157(b).

2. This is a core proceeding pursuant to 11 USC section 3, 157(b)(2) and section 157(b)(2)(B).

3. This Court has jurisdiction over the proceeding as this is otherwise related to a case under Title 11, pursuant to 28 USC section 157(c)(1).

4. Plaintiffs are the Debtors in the above named Chapter 12 case, filed

5. Defendant is a national bank/mortgage company, doing business in Michigan, which took over Countrywide, which originated the mortgage at issue.

6. Defendant is scheduled as a secured creditor on Debtors' Chapter 12 schedules, as to Debtors' residence and 3.67 acres on which it sits.

7. Plaintiff Earl Carroll owned the property, at 700 Trent Road, Ravenna, Michigan, hereinafter, "residence", before his marriage to Debtor Laura Carroll.  He acquired the residence, and adjoining acres, hereinafter, "deer farm", in November 1993.

8. The residence was initially mortgaged with Countrywide in 2003, $322,700 for a home equity line of credit, to pay some bills and expenses caused by loss of income due to a serious illness to Earl Carroll.  That mortgage note was in his name only.

9. Countrywide listed the value of the residence at $750,000.

10. At the instigation of a mortgage broker, the mortgage on the residence was re-financed in 2005, for $640,000.

11. At Countrywide's insistence, the residence and deer farm was quitclaimed from Mr. Carroll to Mr. and Mrs. Carroll, husband and wife, and, the 2005 mortgage note was in Mrs. Carroll's name only.  The legal description attached as the last page of that mortgage, in part, designates Parcels I, II and III.  The residence is Parcel II.  The deer farm is Parcels I and III.

12. The residence is now worth $250,000.

13. The 2003 recorded mortgage, page two, lists the legal description of the residence, Parcel II, only, as collateral for the mortgage loan, specifying "PARCEL ID NUMBER 61130204000001100"..

14. The same paragraph in the 2005 mortgage papers refers to " EXHIBIT "A" ATTACHED HERETO AND MADE A PART HEREOF" though it does go on to state: "PARCEL ID NUMBER 61130204000001100".

15. However, said Exhibit A is the only page neither signed nor initialed by Plaintiff Laura Carroll.

16. This mortgage form is stated to be "MICHIGAN-Single Family-UNIFORM INSTRUMENT WITH MERS".

17. The 2005 mortgage, attached to Defendant's proof of claim filed in Ms. Carroll's prior Chapter 12 case, 12-10333  page 34 of the 35 page claim, lists the legal description for all three parcels, the residence, and the deer farm.

18. Neither plaintiff intended to, nor did, pledge the deer farm as collateral for the 2005 re-financed mortgage.

19. All of the documents were drafted by Defendant, and any ambiguity must be resolved against Defendant.

20. 11 USC 506 allows this Court to fix the value of a secured claim.

WHEREFORE, Plaintiffs pray that this Honorable Court enter judgement for Plaintiffs, finding that Defendant has a lien on the residence only, and, that the value of its secured claim is $250,000.

November 24, 2013

/s/ Kurt O'Keefe
Kurt O'Keefe P30718
Attorney for Plaintiffs-Debtors
1593 Torrey Road
G. P. Woods MI 48236
313-962-4630
kurt@stopcreditor.com